■ In the Matter of BOARD OF EDUCATION OF LIVERPOOL CENTRAL SCHOOL DISTRICT, Appellant, v CENTRAL NEW YORK HEALTH INSURANCE TRUST, Respondent. [812 NYS2d 917]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 21, 2005 in a proceeding pursuant to CPLR article 75. The order denied the petition and confirmed the arbitration award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the petition seeking to vacate the arbitration award in part and confirmed the award in accordance with respondent's request for that relief. Contrary to petitioner's contention, the award does not "violate[ ] a strong public policy" and is not "irrational" insofar as it denies petitioner recovery of damages for any period prior to September 1, 2001 (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *see Matter of Travis [Masiello]* [appeal No. 2], 19 AD3d 1093 [2005], *lv denied* 6 NY3d 702 [2005]; *Matter of Buffalo Professional Firefighters Assn. Local 282 [City of Buffalo]*, 12 AD3d 1087, 1088 [2004]). We note in particular that the arbitrators did not act irrationally or violate public policy in the manner in which they applied the doctrine of waiver to

petitioner's decision to forego the purchase of drug coverage from respondent prior to the "fiscal year in which the claim was made," i.e., September 1, 2001 through August 31, 2002. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.